# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KW-#8437
**(Inmate Number)**

:

:

Antoine M. Black
**(Name of Plaintiff)**

:

:

SCI Rockview, Box A
**(Address of Plaintiff)**

:

:

Bellefonte, PA. 16823-0820

:

**vs.**

:

1:14-CV-788
**(Case Number)**

Vincent M. Monfredo, Esquire

:

:

**COMPLAINT**

:

:

**(Names of Defendants)**

:

FILED
APR 2 4 2014
PER ___
HARRISBURG, PA    DEPUTY CLERK

**TO BE FILED UNDER:** ___X___ **42 U.S.C. § 1983 - STATE OFFICIALS**

_____ **28 U.S.C. § 1331 - FEDERAL OFFICIALS**

## I.   Previous Lawsuits

A.   If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

None.

## II.   Exhaustion of Administrative Remedies

A.   Is there a grievance procedure available at your institution?
____Yes   _X_No (Lawsuit against an attorney)

B.   Have you filed a grievance concerning the facts relating to this complaint?
____Yes   _X_No

If your answer is no, explain why not   Lawsuit against attorney.

C.   Is the grievance process completed?   ____Yes   _X_No (Never filed a grievance)

III.    Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank.  Use Item B for the names, positions and places of employment of any additional defendants.)

A.    Defendant __Vincent . Monfredo, Esquire_____ is employed

as __attorney_____ at __5000 Ritter Road, Suite: #202
                                Mechanicsburg, PA. 17055_____

B.    Additional defendants __None._____

_____

_____

_____

IV.  Statement of Claim

(State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach extra sheets if necessary.)

1.    __Defendant Monfredo failed to file an Amended Complaint__

__within twenty (20) days, as ordered from Judge Conner, which__

__caused Plaintiff's Civil Action to be dismissed without prejudice.__

_____

2.    __Defendant Monfredo sent a letter to Plaintiff, admitting__

__he committed malpractice, and stated Plaintiff can file a__

__malpractice claim against him.__

_____

3.    __Defendant Monfredo committed negligence and malpractice against__

__Plaintiff, violating Plaintiff's Sixth (6th) Amendment Right__

__to effective assistance of counsel.__

_____

V.   Relief

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1.   Punitive Damages of $100,000 dollars, Compensatory Damages of $50,000 Dollars, Declatory Relief, fees and costs pursuant to 42 U.S.C.S. § 1988.

2.   Order DefendantMonfredo to pay the $350.00 Dollar filing fee for Plaintiff, to bring in this Court action in, Order Defendant Monfredo to pay attorney fees.

3.   And such other cost and fees allowed by law, and any other relief as the Court deems just and equitable.

Signed this ___20th___ day of ___April___, ___2014___.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

___April 20, 2014___
(Date)

_____
(Signature of Plaintiff)



FILED

APR 2 4 2014

PER ____
HARRISBURG, PA   DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ANTOINE M. BLACK,　　　　　　:
　　　　　　Plaintiff　　　: CIVIL ACTION-LAW
　　　　　　　　　　　　　:
　　　　　　　　　　　　　: Docket No.:_____
　　　　　　　　　　　　　:
　　　　　v.　　　　　　　: (JURY TRIAL DEMANDED)
　　　　　　　　　　　　　:
　　　　　　　　　　　　　: HONORABLE U.S. JUDGE
　　　　　　　　　　　　　:
VINCENT M. MONFREDO, ESQUIRE, :
　　　　　　Defendant　　　:

### PLAINTIFF'S 42 U.S.C.S. § 1983 CIVIL COMPLAINT

**TO THE HONORABLE U.S. JUDGE, OF ABOVE SAID COURT:**

PLAINTIFF alleges:

### I. JURISDICTION and VENUE

1.　This action arises under The United States Constitution, under the provisions of The Sixth (6th) Amendment of The United States Constitution, and under Federal Law, particularly, The Civil Rights Act of 1871, 42 U.S.C.S. Section § 1983.

2.　This Court has subject matter jurisdiction of this case, under 28 U.S.C.S. § 1343.

3.　Venue is proper in this Court, pursuant to 28 U.S.C.S. § 1391(b)(2).

4.   Plaintiff asserts, to state a claim under **42 U.S.C.S. Section § 1983,** Plaintiff must assert:

(A).   Allege a violation of rights secured by The united States Constitution, and the laws of The united States, and;

(B).   Violation of that right under **The Color of State Law.**

## II. PARTIES

5.   Plaintiff Antoine M. Black, is an individual currently incarcerated at The State Correctional Institution, Rockview, a DOC facility, address is Box A, bellefonte, Pennsylvania 16823-0820.  Phone Number: (814)-355-4874.

6.  Defendant Vincent M. Monfredo, Esquire, was appointed by The Honorable U.S. Judge, Christopher C. Conner, to represent Plaintiff in a Civil Action.  Defendant Monfredo's address is 5000 Ritter Road, Mechanicsburg, Pennsylvania 17055.  Phone Number is (717)-585-2064, Fax Number: (888)-959-1331.

7.  Defendant Vincent M. Monfredo, Esquire, is being sued in his official and individual capacity, under **The Color of State Law.**

## III. FACTS

8.  On May 14, 2013, The Honorable U.S. Magistrate Judge, Christopher C. Conner appointed Defendant Monfredo to represent Plaintiff in a Civil Action.

9.   In October of 2013, Defendant Monfredo contacted Plaintiff at SCI Rockview, Mr. Monfredo told Plaintiff he was taking his case, Mr. Monfredo told Plaintiff he would examine the case at no cost to Plaintiff.

10.   Plaintiff wrote Defendant Monfredo numerous times, concerning Plaintiff's case, yet Defendant Monfredo never responded to any of Plaintiff's letters.

11.   On February 11th, 2014, The Honorable U.S. Magistrate Judge, Christopher C. Conner, issued an order, stating, "The Court granted the Motion To Dismiss by Defendants City of Harrisburg and Detective Donald Heffner without prejudice, for Plaintiff's Antoine M. Black's procedural due process claim against Detective Heffner under Count I and stated Plaintiff's failure to file an Amended Complaint within twenty (20) days, shall be deemed an abandonment of the action, and it appearing Plaintiff has failed to file an Amended Complaint."

(See Exhibit "A").

12.   Plaintiff wants to state to this Honorable Court, Defendant Monfredo, never mentioned anything to Plaintiff about the deadline set by Judge Conner, concerning filing an Amended Complaint within twenty (20) days.

13.   On March 3, 2014, Defendant Monfredo sent a letter to Plaintiff, saying, "Mr. Black, I apologize, but I mishandled your case.  I believe you should seek counsel and file a

3.

malpractice suit against me.  I have enclosed the order dismissing your Civil Case.  It's in your best interest to contact a lawyer and discuss filing a malpractice claim against me.

(See Exhibit "B").

14.  Plaintiff asserts to this Honorable Court, Defendant Monfredo's negligence and without due care, failed to file an Amended Complaint, within twenty (20) days, as ordered by Judge Connor, which resulted in Plaintiff's Civil Action being dismissed without prejudice.

15.  Plaintiff asserts to this Honorable Court, Defendant Monfredo's negligence, malpractice, and without due care, violated Plaintiff's Sixth (6th) Amendment Right to effective assistance of counsel, by not informing Plaintiff, Judge Connor ordered an Amended Complaint to be filed within twenty (20) days.

16.  Plaintiff asserts to this Honorable Court, Defendant Monfredo's negligence, malpractice, and without due care, abandoned Plaintiff, and did not take any steps to protect and advance Plaintiff's interest.

17.  Plaintiff avers to this Honorable Court, when Plaintiff found out from Judge Connor, his Civil Action was dismissed without prejudice, Plaintiff was seized with great shock to his nervous system, suffered great pain and mental anguish, suffered insomnia, loss of appetite, became depressed, disconnected from his family, and worried if Plaintiff can ever refile his Civil Action.

## IV. DEFENDANT COMMITTED NEGLIGENCE & MALPRACTICE

18.  Plaintiff wants to show this Honorable Court, The
Pennsylvania Superior Court in **El Bon EE Baya Ghananee v. Black,**
504 A.2d 281, (Pa.Super. 1986), stated, "There are three (3)
essential elements which must be established in order to bring
action of malpractice against an attorney, which are:

(A).  The employment of the attorney, or other basis for his
obligation to act as an attorney;

(B).  The failure of the attorney to exercise ordinary skill
and knowledge, and;

(C).  Negligence of the attorney, which was the proximate
cause of damage to the Plaintiff.  See, **Schenkel v. Monheit,**
266 Pa.Super. 396, 405 A.2d 493, (1979); **Bangert v. Harris,**
553 F.Supp. 235 (M.D. PA. 1982).

19.  Plaintiff wants to show this Honorable Court, Plaintiff's
attorney for his Civil Action, was Defendant Monfredo, who was
appointed by Judge Connor, Defendant Monfredo, acted and represented
Plaintiff, according to the Court Record, Plaintiff's Complaint
further alleges Defendant Monfredo was negligent and committed
malpractice in his representation, by not filing an Amended Complaint,
as ordered by Judge Connor, within twenty (20) days, Finally,
Plaintiff alleges the negligence and malpractice of Defendant
Monfredo, resulted in Plaintiff's Civil Action being dismissed
without prejudice, from Judge connor, more importantly, per

5.

Defendant Monfredo's letter to Plaintiff, Defendant Monfredo, admitted he committed malpractice against Plaintiff, and encouraged Plaintiff to file a malpractice claim against Defendant Monfredo.

## V. CLAIMS

20.  Plaintiff claims, Defendant Monfredo violated Plaintiff's Sixth (6th) Amendment Right to effective assistance of counsel, malpractice, and negligence by:

(A).  Not filing an Amended Complaint, as ordered from Judge Connor within twenty (20) days.

(B).  Admitting in a letter to Plaintiff, Defendant Monfredo committed malpractice, and Plaintiff can file a malpractice claim against Defendant Monfredo.

(C).  Plaintiff is requesting relief in the amount of $150,000 dollars, due to Defendant Monfredo's personal knowledge, ineffective assistance of counsel, negligence, and malpractice.

(D).  Plaintiff wants to show this Honorable Court, because of said acts done by Defendant Monfredo, Plaintiff suffered emotional stress, defamation of character, psychological and mental trauma, unfounded dogma, slander, libel, loss of income, family disruption, weight loss, nightmares, anxiety attacks, immeasuarable stress.

(E).  Plaintiff wants to show this Honorable Court, Plaintiff filed A Complaint Form To The Disciplinary Board of The Supreme Court of Pennsylvania, since Defendant Monfredo rendered ineffective assistance of counsel, per Mr. Monfredo's letter to Plaintiff.

6.

(See Exhibit "C").

## VI. CAUSES OF ACTION

21.   Plaintiff incorporates herein reference the allegations
of all preciding paragraphs as though each were set forth in its
entirety.

22.   Plaintiff suffered the harms and damages alleged herein
above as a result of the unlawful practices, unlawful acts, and
omissions of Defendant Monfredo described in the Complaint.

23.   Said unlawful practices, unlawful acts, and omissions,
compromised and prejudiced Plaintiff, violating Plaintiff's
Sixth (6th) Amendment Right to effective assistance of counsel.

## VII. JURY TRIAL DEMAND

24.   Plaintiff demands a jury determination of all issues
so triable.

## VIII. RELIEF REQUESTED

**WHEREFORE,** for the foregoing reasons, Plaintiff humbly asks
this Honorable Court, if a jury enters judgement in Plaintiff's
favor against Defendant Monfredo, to award him:

a).   Punitive Damages of $100,000 dollars from Defendant Monfredo;

b).   Compensatory Damages of $50,000 dollars against Defendant
Monfredo;

c).   Declatory Relief against Defendant Monfredo;

d).   Fees and costs pursuant to 42 U.S.C. § 1988;

e).   Order Defendant Monfredo to pay $350.00 dollar filing fee for Plaintiff to bring this court action in;

f)   Order Defendant Monfredo to pay attorney fees, and such other interest cost and fees allowed by law;

g).   Such other relief as the court deems just and equitable.


Respectfully submitted,

_Antoine M. Black_

Antoine M. Black
Plaintiff
Pro-Se
DOC: KW-#8437
SCI Rockview
Box A
Bellefonte, Pennsylvania
16823-0820
PH: (814)-355-4874

Date: April 20, 2014

c.c.file

8.

## IX. VERIFICATION

I, Antoine M. Black, Plaintiff, pro-Se, hereby state the facts set forth in these legal documents, are true and correct to the best of my knowledge, information, and belief.  These statements are made subject to the penalties of **18 U.S.C.S. § 287, 1001,** relating to criminal penalty for presenting fradulent claim, or making false statements, which is a fine, imprisonment, or both.

Respectfully submitted,

Antoine M. Black
Plaintiff
Pro-Se
DOC: KW-#8437
SCI Rockview
Box A
Bellefonte, Pennsylvania
16823-0820
PH: (814)-355-4874

Date: April 20, 2014

c.c.file

9.

## X. PROOF OF SERVICE

I, Antoine M. Black, Plaintiff, Pro-Se, declares under the penalty of perjury, I am this day, serving the person listed, in the manner indicated below.  The Manner of service, satisfies **28 U.S.C.S. § 1746.**

### Service By First Class Mail
### addressed as follows:

U.S. Clerk of Court
Federal Building & U.S. Courthouse
228 Walnut Street, P.O. Box 983
Harrisburg, Pennsylvania 17108

Respectfully submitted,

Antoine M. Black
Plaintiff
Pro-Se
DOC: KW-#8437
SCI Rockview
Box A
Bellefonte, Pennsylvania
16823-0820
PH: (814)-355-4874

Date: April 20, 2014

c.c.file

Exhibit "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTOINE M. BLACK,                        :    CIVIL ACTION NO. 1:11-CV-1912
                                         :
      Plaintiff,          :    (Chief Judge Conner)
                                         :
    v.                         :
                                         :
THE CITY OF HARRISBURG,                  :
PENNSYLVANIA, by the                     :
HARRISBURG CITY POLICE                   :
DEPARTMENT, and DETECTIVE                :
DONALD HEFFNER including                 :
UNKNOWN POLICE OFFICERS,                 :
                                         :
      Defendants.         :

### ORDER

     AND NOW, this 11th day of February, 2014, upon consideration of the court's

order (Doc. 38), dated December 12, 2013, wherein the court granted the motion to

dismiss (Doc. 15) by defendants City of Harrisburg and Detective Donald Heffner

without prejudice for plaintiff Antoine M. Black's procedural due process claim

against Detective Heffner under Count I and stated that plaintiff's failure to file an

amended complaint within twenty (20) days shall be deemed an abandonment of

the action, and it appearing that plaintiff has failed to file an amended complaint, it

is hereby ORDERED that:

Exhibit "B"

## THE LAW OFFICE OF
# VINCENT M. MONFREDO

vmonfredo@gmail.com
www.vincentmonfredo.com

5000 Ritter Rd.
Suite 202
Mechanicsburg, PA 17055

Tel: 717.585.2064
Fax: 888.959.1331

March 3, 2014

Antoine Black
Inmate # KW843
SCI Rockview
1 Rockview Road
Bellefonte, PA 16801

Mr. Black,

    I apologize but I have mishandled your case.  I believe you should seek counsel and file a malpractice suit against me.  I have enclosed the order dismissing your civil case.  It is in your best interests to contact a lawyer and discuss filing a malpractice claim against me.

Sincerely,

Vincent M. Monfredo, Esquire

Enc.

# FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS COMPLAINT
## UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331

### COVER SHEET

**THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT.  READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The cost for filing a civil rights complaint is $350.00.

If you do not have sufficient funds to pay the full filing fee of $350.00 you need permission to proceed *in forma pauperis*.  However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

      1)     the average monthly deposits to your prison account for the past six months; or

      2)     the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    1. You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $350.00.  (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.)  If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet.  Check here if you are submitting the filing fee with the complaint form. ____

    2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. <u>You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court.</u>  Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees. _X_

Please Note:  If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending.  Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages.  The restitution orders must be fully paid before any part of the award goes to you.

### DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS

Antoine M. Black
DOC: KW-#8437
SCI Rockview
Box A
Bellefonte, Pennsylvania 16823-0820



April 20, 2014

To: U.S. Clerk of Court
    Federal Building & U.S. Courthouse
    228 Walnut Street, P.O. Box 983
    Harrisburg, Pennsylvania 17108

**RE: <u>Antoine M. Black v. Vincent M. Monfredo, Esquire</u>**
**Docket No.:_____**

Dear Sir or Maam:

   Enclosed for filing, are an original, and three (3) copies of

**<u>Plaintiff's 42 U.S.C.S. § 1983 Civil Action Law Complaint,</u>** in the

above captioned matter.

   Also enclosed, is a copy for the judge, a copy for Vincent

M. Monfredo, and an extra copy, to be date stamped and filed on

the docket entry sheet, and returned to me, to the address listed

above for proof of filing for my records.

   Thank you for your cooperation.

                                    Respectfully submitted,

                                    _____
                                    Antoine M. Black
                                    Plaintiff
Date: <u>April 20, 2014</u>          Pro-Se

c.c.file

* Plaintiff invokes, "Prisoner's mailbox Rule," <u>Perry v. DiGulielmo,</u>
169 Fed. App'x 134, 136, N.#3, (3d Cir. 2006), <u>Burns v. Morton,</u>
134 F.3d 109, 113, (3d cir. 1998), as timely filed from date at
SCI Rockview Correctional Facility, outgoing mail to Judicial
Court and Clerk, and all parties.