IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTOINE M. BLACK**, | : CIVIL ACTION NO. 1:14-CV-0788 |
| Plaintiff, | : (Chief Judge Conner) |
| v. | : |
| **VINCENT M. MONFREDO, ESQUIRE**, | : |
| Defendant. | : |

## ORDER

AND NOW, this 22nd day of May, 2014, upon consideration of the report (Doc. 9) of Magistrate Judge Susan E. Schwab, recommending the court dismiss the complaint of Antoine M. Black ("Black") with prejudice pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim for which relief may be granted, and, following an independent review of the record, the court agreeing with the magistrate judge that Black's claims pursuant to 42 U.S.C. § 1983 for ineffective assistance of counsel in violation of the Sixth Amendment are without merit because Black was not constitutionally entitled to counsel in his earlier civil action (Doc. 9 at 7-8 (citing Turner v. Rogers, __ U.S. __, 131 S. Ct. 2507, 2516 (2011) (holding that "the Sixth Amendment does not govern civil cases"))), and because Black has not identified a state actor responsible for the purported Sixth Amendment violation (id. at 8-10), and that such dismissal should be with prejudice because leave to amend would be futile, (id. at 10 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (observing that courts must liberally grant leave to amend "unless amendment would be inequitable or futile"))), and the court also in agreement that it should decline to exercise supplemental jurisdiction over Black's state law claim for legal malpractice,

(id. at 10-11 (citing Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."))), and it appearing that neither party has objected to the report, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 9) is ADOPTED in its entirety.

2. Plaintiff's complaint (Doc. 1) is DISMISSED. Dismissal is with prejudice to the extent plaintiff asserts a claim pursuant to 42 U.S.C. § 1983.

3. Any appeal from this order is deemed to be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

4. The Clerk of Court is directed to CLOSE this case.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania